UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENYA DESHON RAY, | ) | CASE NO. 4:15-cv-2046 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RALPH HANSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the petition of Kenya Deshon Ray ("petitioner" or "Ray") pursuant to 28 U.S.C. § 2241. (Doc. No. 1 ["Petition"].) For the reasons that follow, the petition is denied.

**A. Background**

Pro se petitioner Kenya Deshon Ray is a federal prisoner incarcerated in the Federal Correctional Institution in Elkton, Ohio. He was convicted, pursuant to a guilty plea, in the United States District Court for the Eastern District of Michigan of possession with the intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1] In his plea agreement, petitioner agreed to the elements of the offense and that his prior convictions qualified him as a career offender under United States Sentencing Guideline § 4B1.1. Petitioner was sentenced to 188 months imprisonment, which reflected a career offender enhancement

---

[1] *See United States v. Ray*, 12-cr-20308-1, United States District Court, Eastern District of Michigan.

under U.S.S.G. § 4B1.1.

Petitioner's habeas petition seeks a writ of habeas corpus vacating his sentence as a career criminal, and for "immediate release for time served," on the basis of the Supreme Court's recent decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). The Supreme Court in *Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. Although petitioner was not sentenced under the ACCA, in *United States v. Darden*, the Sixth Circuit applied *Johnson* to invalidate a career offender sentence enhancement under U.S.S.G. § 4B1.1. *United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015).

**B. Discussion**

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

As a general matter, 28 U.S.C. §§ 2241 and 2255 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the primary avenue for relief for federal prisoners claiming the right to

2

release as a result of an unlawful sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners challenging the imposition of a sentence must assert this claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

Section 2255 contains a limited "savings clause" that allows a prisoner to challenge the legality of a conviction or sentence under § 2241, but only in exceptional circumstances where the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The remedy afforded under § 2255 is not inadequate or ineffective merely because relief under § 2255 has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004). Rather, "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence." *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)). Actual innocence means "factual innocence" and requires a petitioner to demonstrate "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him[.]" *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).

Here, petitioner does not contend he is actually innocent of the underlying federal crime for which he was convicted. He only contends his enhanced sentence is unconstitutional in light of *Johnson*. The Sixth Circuit has repeatedly instructed that "claims of sentencing error may

3

not serve as the basis for an actual innocence claim" for purposes of pursuing a motion under 28 U.S.C. § 2241. *See Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.") (citation omitted).

Accordingly, petitioner's challenge to his enhanced sentence as a career criminal is not cognizable under § 2241. Federal courts considering similar petitions have indicated that, if *Johnson* provides a petitioner a basis to challenge the constitutionality of his enhanced sentence, it might be through a motion or second or successive petition under 28 U.S.C. § 2255. The Sixth Circuit recently decided that *Johnson* provides a basis to challenge the constitutionality of an enhanced sentence through a petition under § 2255. *See In re Watkins*, 810 F.3d 375 (6th Cir. 2015).

**C. Conclusion**

For the reasons stated above, the pending petition for a writ of habeas corpus is denied, and this action is dismissed. The dismissal is without prejudice to any § 2255 action that petitioner may file in the appropriate trial court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 23, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**